**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roy W. PETTIBONE, aka, Roy Wesley Pettibone, Defendant–Appellant.**

**No. 01–30060.**

**D.C. No. CR 00–00184 FR.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 25, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Roy W. Pettibone appeals his conviction and sentence for bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo whether the district court correctly held that Pettibone's confession was voluntary. *United States v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

*Kelley*, 953 F.2d 562, 564 (9th Cir.1992). "Coercive police activity is a 'necessary predicate' to finding a confession involuntary." *Id.* at 565 (citing *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986)). Here, there is no evidence of such coercion. Pettibone's interrogation lasted approximately an hour, he was not handcuffed during the interview, he was not threatened, and the agent's suggestion that Pettibone might benefit from cooperating does not rise to the level of coercion. Given the lack of coercion, Pettibone's alleged intoxication cannot establish involuntariness. *See Kelley*, 953 F.2d at 565–66.

We also review de novo the voluntariness of Pettibone's waiver of his *Miranda* rights. *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir.1998) (en banc). The inquiry into the voluntariness of *Miranda* waiver is equivalent to the inquiry into the voluntariness of a confession. *Derrick v. Peterson*, 924 F.2d 813, 820 (9th Cir.1990). Accordingly, Pettibone's argument that his waiver was involuntary is foreclosed for the same reasons that foreclose his argument that his confession was involuntary. *Cf. id.*

Finally, Pettibone argues that, if this court concludes he was promised a "ballpark" sentence during his interrogation, then we should impose that sentence. However, as he acknowledges, we lack jurisdiction to review the district court's discretionary refusal to depart downward. *See United States v. Duran–Orozco*, 192 F.3d 1277, 1283 (9th Cir.1999).

**AFFIRMED.**